#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case No. | CR-21-222-1-SLP |
| | ) | | CIV-24-758-SLP |
| JADE CHRISTIAN NICHOLS, | ) | | |
| | ) | | |
| Defendant. | ) | | |

### **O R D E R**

Before the Court is Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 101], to which the Government has responded [Doc. No. 103]. Defendant has not replied and the time for doing so has expired. *See* Order [Doc. No. 102]. Upon review and for the reasons that follow, the § 2255 Motion is DENIED.

**I.     Factual and Procedural History**

On December 8, 2021, a jury found Defendant guilty of witness retaliation, in violation of 18 U.S.C. § 1513(b)(1), 18 U.S.C. § 2. *See* Verdict [Doc. No. 51]. Defendant was sentenced to a term of 218 months' imprisonment. *See* Judgment [Doc. No. 71]. The sentence was ordered to be served concurrent to a 218-month sentence imposed in *United States v. Nichols*, Case No. CR-20-130-SLP (W.D. Okla), but consecutive to a 120-month sentence imposed in *United States v. Nichols*, Case No. CR-20-6-F (W.D. Okla.).

Defendant filed a direct appeal of his conviction and challenged the district court's denial of his motion for mistrial. He argued the jury was tainted due to the presence of a

video-only security camera in the courtroom where the jury deliberated. A court security officer had used that camera to watch the jury deliberate. The Tenth Circuit found no abuse of discretion by the district court in denying the motion for a mistrial and affirmed his conviction. *See United States v. Nichols*, Nos. 22-6079, 22-6080 and 22-6165, 2023 WL 5994479 (10th Cir. Sept. 15, 2023).

## II.   Defendant's § 2255 Claims

Defendant brings two grounds for relief. First he claims the evidence was insufficient to support his conviction. In support of this claim, Defendant states: "I did not retaliate against no one because I did not touch no one but get [sic] retained by the detention officer." Mot. at 4. Second, Defendant claims that he was denied the right to a fair and impartial jury. According to Defendant, "[d]ue to security watching the jury deliberate, the court erred by not doing mistrial." *Id*. at 5.

In response, the Government argues that Defendant's first claim is barred because he failed to challenge the sufficiency of the evidence on direct appeal. Resp. at 3. The Government argues that Defendant's second claim is barred because Defendant raised the claim on direct appeal and the Tenth Circuit rejected the claim. *Id.*

## III.   Discussion

Criminal defendants may not use § 2255 motions as a substitute for a direct appeal, and failure to raise an issue at trial or on direct appeal results in a procedural default of the claim. *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012); *see also United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004); *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002). A procedural default can be excused if the defendant

can show that cause and prejudice exist to excuse the default or that a fundamental miscarriage of justice will occur if the claim is not addressed. *McGaughy*, 670 F.3d at 1159; *Barajas-Diaz*, 313 F.3d at 1247.[1]

Here, Defendant did not challenge the sufficiency of the evidence on direct appeal. Defendant fails to show cause or prejudice to excuse his procedural default, nor does he demonstrate that a fundamental miscarriage of justice will result if the court fails to consider his insufficiency of the evidence claim. Indeed, Defendant's Motion presents his claim in the most superficial manner. And, as noted, Defendant failed to file a Reply. Accordingly, the Court finds Defendant's challenge to the sufficiency of the evidence is procedurally defaulted.

Similarly, Defendant's second claim is barred because he raised the claim before the Tenth Circuit on direct appeal and it was denied. "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989); *see also United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (because defendant's claims were "previously considered and disposed of" on direct appeal, the defendant "may not raise these issues under § 2255"). Therefore, Defendant's second claim is also barred.[2]

---

[1]The fundamental miscarriage of justice exception is "very narrow" and requires a § 2255 movant to "supplement his constitutional claim with a colorable showing of factual innocence." *Klein v. Neil*, 45 F.3d 1395, 1400 (10th Cir. 1995).

[2] The Court notes that subsequent to the Tenth Circuit's decision in *Nichols*, in another unpublished decision, the Tenth Circuit found a duty to investigate by the district court where a similar scenario existed regarding the presence of a security camera which had recorded jury deliberations. *See*

3

## IV. Evidentiary Hearing

In a § 2255 proceeding, the district court is not required to grant an evidentiary hearing on a defendant's claims where "the motion and the files and records of the case conclusively show that the [defendant] is entitled to no relief. . . ." 28 U.S.C. § 2255. The court concludes that the record in this case conclusively shows that Defendant is not entitled to any relief on any of the claims he asserts. Therefore, Defendant is not entitled to an evidentiary hearing.

## V. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 101] is DENIED. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). To make this showing, Defendant "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]'" *United States v. Manzanares*, 956 F.3d 1220, 1226-27 (10th Cir. 2020) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that

---

*United States v. Sanchez*, No. 22-6207, 2024 WL 1502097 at *4 (10th Cir. Apr. 8, 2024). But the Tenth Circuit expressly addressed and distinguished its holding in *Nichols*. *See id*. Thus, the Court does not deem *Sanchez* – an unpublished decision – to constitute an intervening change in the law.

Defendant has not made a substantial showing of the denial of a constitutional right. Therefore, a COA is DENIED and the denial shall be included in the judgment.

IT IS SO ORDERED this 21st day of October, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE